USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8 5 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

BURDA MEDIA INC, et al,

                Plaintiffs,            97 Civ. 7167

   -against-                    MEMORANDUM OPINION

FRITZ BLUMENBERG, et al,

                Defendants.

------------------------------------X

**Sweet, D.J.**


      Petitioner Christian Viertel ("Viertel") has applied
for leave to appeal _in forma pauperis_ this Court's denial of his
motion to vacate the default judgment.  For the following
reasons, the application is denied.


**Prior Proceedings**


      On September 24, 1997, plaintiffs Hubert Burda Media,
Inc. (formerly known as Burda Media, Inc.) and Hubert Burda
Media Holding GmbH & Co. (formerly known as Burda Holding, GmbH
& Co. KG) (collectively "Burda") commenced this action to
recover monetary damages, restitution, and other relief.  The
defendants included Fritz G. Blumenberg ("Blumenberg"), Viertel

and the companies Telecommunication Partners Limited,
Transvideo, TV Broadcast Center, and Agate Reality (the "Viertel
Companies").

On January 16, 1998, Burda's attorneys wrote to the
Court requesting an extension of time until August 21, 1998 to
serve Viertel and the Viertel companies.  The request was
granted on January 21, 1998.  Burda's attorneys requested an
additional 120-day extension on August 20, 1998. That request
was granted on August 25, 1998.

On November 12, 1998, Burda's attorneys filed a
document with the Court entitled "Proof of Service Upon
Defendants Viertel, Telecommunication Partners Limited,
Transvideo, TV Broadcast Center, and Agate Reality Pursuant to
Rule 4 and Hague Convention," (hereinafter, "Proof of Service")
which included various attachments.

On December 29, 1999, Burda's attorneys filed an
application for entry of default against Viertel and
Telecommunications Partners Limited.  On March 8, 2000, the
Clerk of the Court signed a Clerk's Certificate of Default by
defendants Christian Viertel and Telecommunications Partners
Limited.

1

On March 27, 2000, Burda's attorneys submitted a proposed default judgment against Christian Viertel and Telecommunications Partners Limited. The default judgment was signed on April 6, 2000, and entered on the docket on April 10, 2000.

On October 2, 2002, Viertel was found guilty by a jury on each count of a three-count indictment charging conspiracy to commit mail and wire fraud, as well as substantive counts of mail fraud and wire fraud.  See United States v. Viertel, S2 01 Cr. 571, 2003 WL 367867 (S.D.N.Y. Feb. 19, 2003) (motion for new trial following conviction denied).

On October 31, 2003, Viertel filed a motion to vacate the default judgment, to dismiss the action, and to sanction plaintiffs and their attorneys.  On May 18, 2004, the Court denied Viertel's motion to vacate and for sanctions, finding that Viertel had been properly served pursuant to Rule 4(f) of the Federal Rules of Civil Procedure, and that the Court had jurisdiction over him.  See Burda Media, Inc. v. Blumenberg, No. 97 Civ. 7167 (RWS), 2004 WL 1110419 (S.D.N.Y. May 18, 2004).

2

Viertel appealed the May 18, 2004 memorandum opinion denying his motion to vacate the default judgment.  In an opinion dated August 5, 2005, the Second Circuit Court of Appeals affirmed the judgment denying Viertel's motion to vacate the default judgment.  See Burda Media, Inc. v. Viertel, 417 F.3d 292 (2d Cir. 2005).

While his appeal was pending, by letters dated August 25, October 11, and October 12 of 2004, Viertel moved for reconsideration of the Court's May 18, 2004 memorandum opinion. The Court denied his motion in a memorandum opinion dated February 8, 2005, noting that Viertel was "rehash[ing] portions of the record that have already been considered."  See Burda Media, Inc. v. Blumenberg, No. 97 Civ. 7167 (RWS), 2005 WL 323712 (S.D.N.Y. Feb. 8, 2005).

On March 1, 2010, Viertel filed a motion to vacate the judgment, again citing a lack of personal jurisdiction arising from improper service pursuant to Rule 4(f).  On April 30, 2010, the Court denied Viertel's motion as Viertel presented no grounds for reopening or for vacating the default judgment.

On May 24, 2010, Viertel filed a notice of appeal from the Court's denial of his March 1, 2010 motion to vacate the default judgment.

On June 30, 2010, Viertel filed the instant application to appeal in forma pauperis.

**Standard for *in forma pauperis* Determination**

"The decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion under 28 U.S.C. § 1915.  The Court's discretion is limited in that: 'An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.'" Fridman v. City of New York, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) (quoting 28 U.S.C. § 1915(a)(3)) (internal citations omitted); see also Fed. R. App. P. 24(a)(3)(A) ("A party . . . may proceed on appeal in forma pauperis . . . unless the district court . . . certifies that the appeal is not taken in good faith . . . ."). The standard for "good faith" in pursuing an appeal is an objective one.  See Coppedge v. United States, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of an issue not frivolous."); see also Linden v. Harper & Row Publishers,

4

490 F. Supp. 297, 300 (S.D.N.Y. 1980) (applying objective "good faith" standard to civil case).

Viertel states in his application that he intends, on appeal, to demonstrate that this Court should have granted his motion to vacate the default judgment for lack of personal jurisdiction.  However, this Court has carefully considered Viertel's claims and found that they lack merit.  Therefore, pursuant to 28 U.S.C. § 1915(1)(3), Viertel's appeal cannot be taken in good faith and his application to appeal in forma pauperis is denied.

It is so ordered.

New York, NY
July    , 2010

ROBERT W. SWEET
U.S.D.J.
8.3.10

5